IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TERESA SIMMS** <br> 4216 Lowell Drive <br> Pikesville, MD 21208 <br><br> *Plaintiff*, <br><br> v. <br><br> **CIRCUIT COURT OF** <br> **BALTIMORE CITY** <br> SERVE: <br> 111 N. Calvert Street <br> Baltimore, MD 21201 <br><br> **OFFICE OF THE ATTORNEY** <br> **GENERAL FOR MARYLAND** <br> 200 St. Paul Pl, Baltimore.MD 21202 <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: _____ |

## COMPLAINT
(Jury Trial Demanded)

COMES NOW, the Plaintiff, TERESA SIMMS, (hereinafter referred to as "Plaintiff" or "Mrs. Simms"), by the undersigned counsel, and files this Complaint against the Defendant, CIRCUIT COURT OF BALTIMORE CITY ("Defendant") and alleges the following:

## JURISDICTION AND VENUE

1. This Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, or treaties of the United States.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

3. On or about February 7, 2023, Plaintiff filed amended charges of discrimination with the U.S. Equal Employment Opportunity Commission, and on or about July 11, 2023, Plaintiff was issued a Notice of her Right to Sue. See attached **Exhibit "A"** (Determination and Notice of Rights re Charge No. 531-2020-03320, July 11, 2023). This lawsuit timely commenced within 90 days and all conditions precedent for this suit have been met and/or complied with by Plaintiff.

## PARTIES

4. Plaintiff is an African American female, born February 24, 1964, residing at 4216 Lowell Drive, Pikesville, MD 21208.

5. Defendant is governmental agency in the State of Maryland with over 500 employees, with its principal place of business located at 111 N. Calvert Street, Baltimore, MD 21201.

## FACTS

6. In or about 2007, Plaintiff was hired by Defendants, the Circuit Court of Baltimore City in the Civil Department, and continues to work as a Judiciary Clerk.

7. Plaintiff has been treated unfairly and differently than her younger co-workers, including a male named Chad Dockins.

8. Plaintiff was issued a 2-day unpaid suspension for leaving the cashier bag in her desk, whereas Mr. Dockins lost the cashier bag and was only issued a written warning.

9. In March 2020, Plaintiff was denied previously approved leave for a medical appointment.

10. In April, May, and June 2020, Plaintiff was denied opportunities to work overtime, whereas her similarly situated coworkers of different races and/or skin tones were provided these opportunities.

11. By being denied the opportunity to work overtime caused Plaintiff to be paid less and unfairly in comparison to her co-workers.

12. In or around May 2020, Plaintiff filed an internal sex and age discrimination complaint with the Manage of Employee Relations and ADA Compliance. Plaintiff's grievance and request for a meeting on this issue was denied.

13. Plaintiff then suffered retaliation and adverse employment actions and continued and worsening harassment.

14. In May 2020, Defendants issued a performance evaluation and refused to allow Plaintiff to sign and allowed her supervisor to sign in the signatory line reserved for the employee.

15. In June 2020, Plaintiff was denied the ability to perform tasks such as closing the cash drawer.

16. In September, October, November 2020, Plaintiff was denied the rotating schedule which was offered to her similarly situated co-workers.

17. Plaintiff was required to work 2 months straight whereas her similarly situated co-workers were offered rotating schedules.

18. Plaintiff was humiliated and singled out, by her supervisors, particularly when they denied her from attending an all-staff meeting.

19. In January 2021, Plaintiff's duties were removed and changed without explanation.

20. August 4, 2021, Plaintiff filed a complaint for harassment, hostile work environment, discrimination and retaliation.

21. January 4, 2022, Plaintiff filed a complaint for bullying and retaliation that she was continuously experiencing from her supervisor, Valerie Megginson.

22. January 19, 2022, Plaintiff filed a complaint regarding the continued retaliation and discrimination she was experiencing from May 2020 to January 2022.

23. February 18, 2022, Plaintiff filed a complaint regarding the bullying and harassment she experienced on February 9, 2022, from her supervisor Valerie Megginson.

24. May 3, 2022, Plaintiff filed a complaint for harassment and retaliation which outlined the continued issues she was experiencing from Obiora Dallah, Valerie Megginson, and Ms. Reid.

25. From around September 2022, through the present, Plaintiff was subjected to continued sexual harassment by the Assistant Chief Deputy Clerk.

26. Plaintiff complained of the sexual harassment but was denied any corrective actions or solutions.

27. Plaintiff's claims for sexual harassment have gone unaddressed and have not been taken seriously by Defendant.

28. Plaintiff continues to experience discrimination, harassment, retaliation and unfair treatment at her place of employment.

### COUNT I
### Race Discrimination
### Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2)

29. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

30. Defendants have engaged in intentional racial and color discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's unfair suspension and treating her more harshly and unfavorable compared to her similarly situated co-workers with different skin tones than Plaintiff. Examples include, but are not limited to, the following: suspending Plaintiff without pay and without a proper investigation after leaving her cashier bag in her desk and giving her more harsh discipline than her similarly situated co-worker (Chad Dickins) who lost his cashiers bag but only received a write-up; denying Plaintiff leave for previously approved medical appointments; denying Plaintiff overtime opportunities that were provided to similarly situated co-workers; denying Plaintiff a meeting upon her request following her internal complaints; changing Plaintiff's duties and responsibilities; denying Plaintiff a rotating schedule but providing it to similarly situated co-workers; denying Plaintiff the opportunity to attend staff meetings that similarly situated co-workers were allowed to attend; subjecting Plaintiff to continuous harassment and a hostile work environment including continuous sexual harassment.

31. As a direct and proximate result of Defendants conduct, by and through their employees and/or agents as described elsewhere herein, Plaintiff has suffered and continues to suffer damages and harm.

32. Wherefore Plaintiff demands judgment against Defendants in an amount to be determined at trial by jury on all issues, for damages in excess of $75,000.00; plus demands interest, costs and attorneys' fees, as well as any declaratory or injunctive relief to which Plaintiff may be entitled and any other relief the Court deems just and proper.

## COUNT II
**Color Discrimination**
**Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2)**

33. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

34. Defendants have engaged in intentional racial and color discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's unfair suspension and treating her more harshly and unfavorable compared to her similarly situated co-workers with different skin tones than Plaintiff. Examples include, but are not limited to, the following: suspending Plaintiff without pay and without a proper investigation after leaving her cashier bag in her desk and giving her more harsh discipline than her similarly situated co-worker (Chad Dickins) who lost his cashiers bag but only received a write-up; denying Plaintiff leave for previously approved medical appointments; denying Plaintiff overtime opportunities that were provided to similarly situated co-workers; denying Plaintiff a meeting upon her request following her internal complaints; changing Plaintiff's duties and responsibilities; denying Plaintiff a rotating schedule but providing it to similarly situated co-workers; denying Plaintiff the opportunity to attend staff meetings that similarly situated co-workers were allowed to attend; subjecting Plaintiff to continuous harassment and a hostile work environment including continuous sexual harassment.

35. As a direct and proximate result of Defendants conduct, by and through their employees and/or agents as described elsewhere herein, Plaintiff has suffered and continues to suffer damages and harm.

36. Wherefore Plaintiff demands judgment against Defendants in an amount to be determined at trial by jury on all issues, for damages in excess of $75,000.00; plus demands interest, costs and attorneys' fees, as well as any declaratory or injunctive relief to which Plaintiff may be entitled and any other relief the Court deems just and proper.

## COUNT III
**Age Discrimination**

37. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

38. Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's unfair suspension and treating her more harshly and unfavorable compared to younger co-workers, for example: providing Plaintiff with two day unpaid suspension without a proper investigation after leaving her cashier bag in her desk and giving her more harsh discipline than her similarly situated co-worker (Chad Dickins) who lost his cashiers bag but only received a write-up; denying Plaintiff leave for previously approved medical appointments; denying Plaintiff overtime opportunities that were provided to similarly situated co-workers; not treating Plaintiff's complaint for sexual harassment seriously and refusing to intervene; changing Plaintiff's duties and responsibilities; denying Plaintiff the opportunity to attend staff meetings that similarly situated younger co-workers were allowed to attend; and subjecting Plaintiff to continuous harassment and a hostile work environment.

39. The discriminatory acts and hostile environment are so severe, pervasive, and objectively offensive that it drastically undermines Plaintiff's career and effectively deprives her of equal opportunities.

40. Defendants took adverse employment actions against Plaintiff and have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's wrongful suspension, changes in duties and responsibilities, denied rotating schedule, denied leave, denied overtime opportunities resulting in unfair pay, and subjecting her to harassment and a hostile work environment.

41. As a direct and proximate result of Defendants conduct, by and through their

employees and/or agents as described elsewhere herein, Plaintiff has suffered and continues to suffer damages and harm.

42. Wherefore Plaintiff demands judgment against Defendants in an amount to be determined at trial by jury on all issues, for damages in excess of $75,000.00; plus demands interest, costs and attorneys' fees, as well as any declaratory or injunctive relief to which Plaintiff may be entitled and any other relief the Court deems just and proper.

## COUNT IV
### Sex Discrimination

43. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

44. Defendants have engaged in intentional sex discrimination in the terms and conditions of the Plaintiff's employment because she is a female, including, but not limited to the Plaintiff's unfair suspension and treating her more harshly and unfavorable compared to male co-worker.

45. Defendant's sex discrimination against Plaintiff included, but was not limited to treating her more harshly than her male co-workers who engaged in more severe conduct or policy violations (suspending her without investigation for leaving cashier bag in desk, but only writing up male co-worker who lost the cashier bag), denying her opportunities and leave that were provided to male co-workers, subjecting her to sexual harassment and unwelcome harassment, refusing to provide her opportunities for a meeting to resolve the issues, denying her opportunities to attend all staff meetings, changing her duties and responsibilities but not similarly changing male co-workers duties and responsibilities.

46. The discriminatory acts and hostile environment are so severe, pervasive, and objectively offensive that it drastically undermines Plaintiff's career and effectively deprives her

of equal opportunities.

47. Defendants took adverse employment actions against Plaintiff and have engaged in intentional sex discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's wrongful suspension, changes in duties and responsibilities, denied rotating schedule, denied leave, denied overtime opportunities resulting in unfair pay, and subjecting her to harassment and a hostile work environment.

48. As a direct and proximate result of Defendants conduct, by and through their employees and/or agents as described elsewhere herein, Plaintiff has suffered and continues to suffer damages and harm.

49. Wherefore Plaintiff demands judgment against Defendants in an amount to be determined at trial by jury on all issues, for damages in excess of $75,000.00; plus demands interest, costs and attorneys' fees, as well as any declaratory or injunctive relief to which Plaintiff may be entitled and any other relief the Court deems just and proper.

## COUNT V
**Sexual Harassment**

50. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

51. During Plaintiff's employment with Defendant, Defendant, through the conduct of its agents, servants and/or employees, harassed Plaintiff in a sexual nature and subjected Plaintiff to adverse employment actions of a sexual nature beginning September 26, 2022, on a continuous basis.

52. Submission to the conduct alleged herein below in Paragraphs was made an implicit part of Plaintiff's employment with Defendant. Defendant's sex harassment caused by the Assistant Chief Deputy Clerk included, but was not limited to, the following: constantly staring at

9

Plaintiff in a sexual manner, stalking her, and intentionally invading and crowding her personal space.

53. The sexual harassment was unwelcome and severe, and Plaintiff filed a complaint for sexual harassment with the State Court Administrator.

54. As a direct and proximate result of Defendants conduct, by and through their employees and/or agents as described elsewhere herein, Plaintiff has suffered and continues to suffer damages and harm including but not limited to: retaliation, general, special, economic and non-economic damages, continued harassment, severe emotional distress and anxiety, loss of sleep, emotional distress damages, mental anguish, personal humiliation.

55. Defendant failed to take any appropriate action to redress the sexual harassment and hostile work environment conditions imposed on her.

56. The aforementioned acts of Defendants were unlawful, willful, reckless, and malicious acts against Plaintiff and have deprived Plaintiffthe enjoyment of all benefits, privileges, terms, and conditions of her employment relationship.

57. Wherefore Plaintiff demands judgment against Defendants in an amount to be determined at trial by jury on all issues, for damages in excess of $75,000.00; plus demands interest, costs and attorneys' fees, as well as any declaratory or injunctive relief to which Plaintiff may be entitled and any other relief the Court deems just and proper.

## COUNT VI
**Hostile Work Environment**

58. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

59. Plaintiff was subjected to unwelcome harassment and a hostile workplace environment.

60. At all times relevant, Defendants knew or should have known of the unwelcome harassment and hostile workplace environment because Plaintiff reported it multiple times.

61. Rather than resolve the matters reported by Plaintiff, the Defendant retaliated against her and forced her to continue to be subjected to the harassment. The harassment has continued to become more severe and consistent, forcing Plaintiff to file several internal complaint forms.

62. Defendants signed for Plaintiff on performance evaluations, provided Plaintiff incorrect information and prevented her from effectively performing her job duties, denied her access to her time card, disturb her during breaks, ignore Plaintiff's requests for information or meetings, require Plaintiff to stop cc'ing the Employee Relations Manager on emails; verbally attack Plaintiff during meetings, Plaintiff's supervisor will also shout at Plaintiff while standing over her and state, "I am your supervisor, I'll do whatever I want!"

63. As a direct and proximate result of Defendants conduct, by and through their employees and/or agents as described elsewhere herein, Plaintiff has suffered and continues to suffer damages and harm including but not limited to: retaliation, general, special, economic and non-economic damages, continued harassment, severe emotional distress and anxiety, loss of sleep, emotional distress damages, mental anguish, personal humiliation.

64. Defendant failed to take any appropriate action to redress the sexual harassment and hostile work environment conditions imposed on her.

65. The aforementioned acts of Defendants were unlawful, willful, reckless, and malicious acts against Plaintiff and have deprived Plaintiffthe enjoyment of all benefits, privileges, terms, and conditions of her employment relationship.

66. Wherefore Plaintiff demands judgment against Defendants in an amount to be determined at trial by jury on all issues, for damages in excess of $75,000.00; plus demands interest, costs and attorneys' fees, as well as any declaratory or injunctive relief to which Plaintiff may be entitled and any other relief the Court deems just and proper.

### COUNT VII
### Retaliation

67. Plaintiff repeats and realleges each and every allegation in the paragraphs above as though fully set forth at length herein.

68. Plaintiff engaged in multiple forms of protected activities, to include mostly filing internal complaints for harassment, discrimination, bulling, retaliation, sexual harassment. She has also requested meetings, send letters of concern, verbally complained, and filed with the EEOC.

69. As a result of Plaintiff's complaints and protected activities as described in paragraphs above and throughout this Complaint, Defendant, through its agents, servants and/or employees retaliated against Plaintiff by participating in actions protected under the Civil Rights Act, such as filing complaints and partipcating in investigations and for opposing discriminatory and unlawful activities she experienced and witnessed in the workplace.

70. The retaliatory conduct and adverse employment actions taken against Plaintiff by Defendant, included, but was not limited to, all of the examples listed in the Statement of Facts, as well as the following: the Plaintiff's wrongful unpaid suspension, treating her unfairly and differently than others who did not engage in protected activities, changes in her duties and responsibilities, denied her a rotating schedule, denied her leave, denied her overtime opportunities resulting in unfair pay, denied her the opportunity to attend all-staff meetings, and subjected her to harassment and a hostile work environment and refused to intervene or conduct an investigation

when she reported the treatment as well as sexual harassment she was continuously experiencing; signed for Plaintiff on performance evaluations, provided Plaintiff incorrect information and prevented her from effectively performing her job duties, denied her access to her time card, disturb her during breaks, ignore Plaintiff's requests for information or meetings, require Plaintiff to stop cc'ing the Employee Relations Manager on emails; verbally attack Plaintiff during meetings, Plaintiff's supervisor will also shout at Plaintiff while standing over her and state, "I am your supervisor, I'll do whatever I want!"

71. As a direct and proximate result of Defendants conduct, by and through their employees and/or agents as described elsewhere herein, Plaintiff has suffered and continues to suffer damages and harm.

72. Wherefore Plaintiff demands judgment against Defendants in an amount to be determined at trial by jury on all issues, for damages in excess of $75,000.00; plus demands interest, costs and attorneys' fees, as well as any declaratory or injunctive relief to which Plaintiff may be entitled and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays the entry of judgment against the Defendants pursuant to an order awarding $500,000.

    A.    For special and economic damages, including, but not limited to unfair wages, lost overtime, compensatory damages, and lost employee benefits, and other special and economic damages to be shown according to proof;

    B.    For other special, economic and non-economic damages, including, but not limited

13

to impairment of reputation and standing in the community, diminished character, and other special and general damages to be shown according to proof;

      C.    For general damages and non-economic damages, including but not limited to mental and emotional distress damages, mental anguish, personal humiliation, shame, and disgrace, and other special and general damages to be shown according to proof;

      D.    For an award of interest, including prejudgment interest, at the legal rate;

      E.    For punitive damages;

      F.    For attorney costs and fees of suit herein incurred; and

      G.    For all such other, and further, relief as the Court may deem proper.

**I DO HEREBY DECLARE AND AFFIRM UNDER THE PENATLIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEGDE, INFORMATION, AND BELIEF.**

_Teresa Sims_ (signature)
TERESA SIMMS

Filed: October ∴4th_, 2023

                                   By and through his counsel

                                   */s/Charles Tucker, Jr., Esq.*
                                   Charles Tucker, Jr., Esq., Managing Partner
                                   MD Bar # 0808260001
                                   The Cochran Firm - Hyattsville
                                   8181 Professional Place
                                   Hyattsville, MD 20785
                                   Email: charles@tuckerlawgroupllp.com
                                   Telephone: 301-577-1175
                                   Facsimile: 240-467-5787