**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TERESA SIMMS,

     *Plaintiff,*

     v.

THE STATE OF MARYLAND OFFICE OF
THE ATTORNEY GENERAL FOR
MARYLAND,

     *Defendant*

Civil Action No.
23-cv-2707-ABA

**MEMORANDUM OPINION AND ORDER**

     Plaintiff Teresa Simms alleges she has been subjected to discrimination,
retaliation, sexual harassment, and a hostile work environment during her employment
with the Circuit Court of Baltimore City as a judiciary clerk.[1] Defendant has moved to
dismiss the amended complaint or, in the alternative, for summary judgment. As
explained below, Defendant's request to proceed straight to summary judgment, before
discovery, is premature. The motion to dismiss will be granted as to Ms. Simms's claims
of hostile work environment and sexual harassment, which will be dismissed without
prejudice. The motion is denied as to the remaining claims.

---

[1] Ms. Simms named as defendant "The State of Maryland Office of the Attorney General
for Maryland." It is unclear whether the Attorney General's Office is the proper
defendant, but it has not moved to dismiss on that basis. The Attorney General's Office
will be referred to as "Defendant" herein.

## I.    PLAINTIFF'S ALLEGATIONS[2]

Ms. Simms is an African American woman who was 56 years old when the events alleged in the amended complaint began. Am. Compl. ¶ 4, ECF No. 6. Ms. Simms has worked for the Circuit Court of Baltimore City as a judiciary clerk since 2007. *Id.* ¶ 6. She alleges that beginning in 2020, and continuing through the present, she "has been treated unfairly and differently than her younger co-workers, including a male named Chad D[i]ckins." *Id.* ¶ 7.[3]

Specifically, Ms. Simms contends that Defendant discriminated against her on the basis of her race, color, sex, and age by (1) "suspending [her] without pay" for two days "and without a proper investigation" after she "le[ft] her cashier bag in her desk," and "giving her more harsh discipline than her similarly situated co-worker (Chad Dickins) who lost his cashiers bag but only received a write-up"; (2) denying her "leave for previously approved medical appointments," "overtime opportunities that were

---

[2] At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). The pleadings stage is not the proper time for a defendant to file extra-complaint materials contesting the alleged facts. The Court does not consider the exhibits Defendant submitted with the motion except for Ms. Simms's EEOC charges of discrimination. *See Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012) (providing that the court has "complete discretion to" "simply not consider" "any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion" rather than convert it into a motion for summary judgment) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366 (3d ed. 2004)); *Gaines v. Baltimore Police Dep't*, 657 F. Supp. 3d 708, 733 (D. Md. 2023) (providing that "[i]n employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions" when deciding a motion to dismiss) (internal quotation marks omitted).

[3] Plaintiff varies in her spelling of Mr. Dickens' last name. The Court assumes that "Dickens" (as opposed to "Dockins") is the correct spelling.

provided to similarly situated co-workers," "a meeting upon her request following her internal complaints," "a rotating schedule but providing it to similarly situated co-workers," and "the opportunity to attend staff meetings that similarly situated co-workers were allowed to attend," (3) "changing [her] duties and responsibilities," and (4) "subjecting [her] to continuous harassment and a hostile work environment including continuous sexual harassment." *Id.* ¶ 30; *see also id.* ¶¶ 8-10, 34, 38, 40, 44-45, 47. Ms. Simms alleges these were all adverse actions taken by Defendant against her. *Id.* ¶¶ 40 & 47.

Regarding the alleged sexual harassment, Ms. Simms alleges that, starting in September 2022, the Assistant Chief Deputy Clerk harassed her by "constantly staring at [her] in a sexual manner, stalking her, and intentionally invading and crowding her personal space," and that her supervisors "failed to take any appropriate action to redress the sexual harassment" after Ms. Simms reported the unwanted behavior "multiple times." *Id.* ¶¶ 52, 55, 60; *see also id.* ¶¶ 25-27.

Regarding the alleged hostile work environment, Ms. Simms alleges that Defendant "forced her to continue to be subjected to the [sexual] harassment" after she reported the conduct, "signed for [Ms. Simms] on performance evaluations" (and refused to allow her to sign them), "provided [her] incorrect information and prevented her from effectively performing her job duties, denied her access to her time card, disturb[ed] her during breaks, ignore[d] [her] requests for information or meetings, require[d] [her] to stop cc'ing the Employee Relations Manager on emails; [and] verbally attack[ed] [her] during meetings." *Id.* ¶¶ 61-62. Ms. Simms also alleges that her supervisor would shout at her, "I am your supervisor, I'll do whatever I want!" *Id.* ¶ 62.

Ms. Simms alleges that in May 2020 she filed internal sex and age discrimination claims, but that her "grievance and request for a meeting on this issue was denied." *Id.* ¶ 12. Ms. Simms also filed EEOC complaints in September 2020, April 2021, May 2021 and February 2023. *Id.* ¶ 68; ECF Nos. 9-9, 9-10, 9-11, 22-1 ¶ 6, 22-2. She contends Defendant then began to retaliate against her for having filed those complaints by engaging in the activities described above, as well as by wrongfully suspending her without pay, "treating her unfairly and differently than others who did not engage in protected activities," making "changes in her duties and responsibilities" "without explanation," "den[ying] [her] the ability to perform tasks such as closing the cash drawer," "deny[ing] her a rotating schedule" which forced her "to work 2 months straight," "deny[ing] her leave, deny[ing] her overtime opportunities . . ., [and] deny[ing] her the opportunity to attend all-staff meetings." Am. Compl.  ¶¶ 70, 17, 19; *see also id.* ¶¶ 13-15, 16, 18-19.

Ms. Simms filed additional complaints alleging she was subjected to "harassment, hostile work environment, discrimination and retaliation" in August 2021, "bullying and retaliation that she was continuously experiencing from her supervisor" in January 2022, "the continued retaliation and discrimination she was experiencing from May 2020 to January 2022," "the bullying and harassment she experienced on February 9, 2022, from her supervisor," and "harassment and retaliation which outlined the continued issues she was experiencing from other co-workers including her manager" on May 3, 2022. *Id.* ¶¶ 20-24. Ms. Simms claims that she "continues to experience discrimination, harassment, retaliation and unfair treatment at her place of employment." *Id.* ¶ 28; *see also id.* ¶¶ 31, 35, 41, 48, 54, 63.

Ms. Simms filed this case in October 2023 and the operative amended complaint in February 2024. ECF Nos. 1 & 6. In the amended complaint, Ms. Simms alleges race discrimination (count I), color discrimination (count II), age discrimination (count III), sex discrimination (count IV), sexual harassment (count V), hostile work environment (count VI), and retaliation (count VII). ECF No. 6. Defendant filed a motion to dismiss, ECF No. 9 ("Mot."), to which Ms. Simms filed a response, ECF No. 22 ("Opp."), and Defendant filed a reply, ECF No. 23.

## II.    ANALYSIS

### A.    Legal Standard

As discussed above, Defendant filed a hybrid "motion to dismiss amended complaint (ECF 6), or in the alternative, motion for summary judgment." ECF No. 9. No discovery has taken place, and there can be little question that this case entails many disputes of fact. To be sure, there are circumstances where a pre-discovery motion for summary judgment is appropriate (such as, perhaps, where a plaintiff has failed to exhaust administrative remedies and the record supporting such failure to exhaust is undisputed). *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). But "[g]enerally speaking, 'summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to [her] opposition.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

Here, "[t]he parties have not had a chance to conduct discovery, and the Court finds that it would be premature to evaluate whether summary judgment should be

granted." *See Tribue v. Maryland*, No. 22-cv-2732-BAH, 2024 WL 4202444, at *5 (D. Md. Sept. 13, 2024). Defendant's premature filing of a motion for summary judgment has confused the issues, as various arguments in Defendant's motion do not assume that Plaintiff's allegations are true—as a motion to dismiss for failure to state a claim must do—but instead are premised on whether there is evidence in the record to support Plaintiff's claims. *See, e.g.*, Mot. at 17 ("The amended complaint is devoid of direct or indirect *evidence* of discrimination") (emphasis added); *id.* at 19-20 (citing evidence and seeking summary judgment on grounds that Plaintiff was "warned" about "issues with her cashiering duties" and that her conduct violated "the Judiciary's policies"). Although Plaintiff has not filed a Rule 56(d) declaration, which is the "proper course" when a plaintiff considers a motion for summary judgment to have been filed prematurely, *see Harrods*, 302 F.3d at 244, Defendant has not identified any valid basis for bypassing the ordinary standard for assessing whether a plaintiff has stated claims on which relief can be granted.

At the pleadings stage—which is the current stage of this case—a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted above, when considering such a motion, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

### B.    Discrimination claims (counts I through IV)

Title VII of the Civil Rights Act of 1964 ("Title VII") makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination in Employment Act of 1967 ("ADEA") makes it "unlawful for an employer . . . to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623 (a)(1). Ms. Simms alleges the same events for all her discrimination claims (race, color, sex, age), so the Court will consider them together.

To survive a motion to dismiss, "an employment discrimination plaintiff need not plead a *prima facie* case of discrimination." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). Instead, the plaintiff is "required to allege facts to satisfy the elements of a cause of action created by th[e] statute." *Id.* (quoting *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). Thus, to adequately plead a discrimination claim, a plaintiff must "allege facts sufficient to raise a plausible inference" that the employer imposed an adverse employment action "because

of" the plaintiff's membership in a protected class. *Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022).

Defendant does not dispute that Ms. Simms is a member of the protected classes she alleges. Defendant does argue, however, that Ms. Simms fails to allege that she was subjected to any cognizable adverse employment action, because none of the employment actions that she alleges "constitutes a significant change in employment status." Mot. at 18 (quoting *Gaines*, 657 F. Supp. 3d at 741). That is no longer the law, however. The Supreme Court has now held that requiring a "significant employment disadvantage . . . . is the wrong standard" for a discrimination claim analysis. *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 359 (2024). Instead, to adequately allege an adverse employment action, a plaintiff "need show only some injury respecting her employment terms or conditions." *Id.* Ms. Simms has done that by alleging that her employer wrongfully suspended her without pay, changed her duties without notice, and denied her a rotating schedule, overtime opportunities, and previously approved leave. *See* Am. Compl. ¶¶ 8-10, 30, 34, 38, 40, 44-45, 47.

Regarding causation, Defendant argues that Ms. Simms's only comparator is not relevant for her race and color discrimination claims since Ms. Simms only alleges that he was younger and male. *See Id.* ¶ 7. But, viewing all reasonable inferences in Plaintiff's favor, Ms. Simms does allege that "Defendants have engaged in intentional racial and color discrimination" including "Plaintiff's unfair suspension and treating her more harshly and unfavorable compared to her similarly situated co-workers with different skin tones than Plaintiff" including "her similarly situated co-worker (Chad Dickins) . . . ." *Id.* ¶ 30; *see also id.* ¶ 34. Moreover, Ms. Simms alleges that she was treated differently from "similarly situated coworkers of different races and/or skin tones" in a

variety of ways described above. *Id.* ¶ 10; *see also id.* ¶¶ 30, 34. Regarding age and sex, Ms. Simms also alleges that she "has been treated unfairly and differently than her younger co-workers," including Mr. Dickins, and has provided examples of conduct she believes was discriminatory. *Id.* ¶¶ 7; *see also id.* ¶¶ 38, 45. Defendant also argues that Ms. Simms has not adequately alleged that she and Mr. Dickins held similar positions and duties. At a minimum, however, Ms. Simms has alleged that Mr. Dickins had similar cashier duties to her own. *Id.* ¶¶ 8, 30, 34, 38.

Ms. Simms has pled, albeit barely, sufficient "plausible inferences" of race, color, sex, and age discrimination, *Holloway*, 32 F.4th at 298, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, the motion to dismiss will be denied as to Ms. Simms's claims of discrimination in counts I through IV of the amended complaint.

### C.    Retaliation claim (count VII)

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C.A. § 2000e-3(a). Likewise, the ADEA makes it "unlawful for an employer to discriminate against any of his employees . . . because such individual . . .  has opposed any practice made unlawful by this section." 29 U.S.C. § 623(d). Thus, to support a retaliation claim "[a]t the Rule 12(b)(6) stage, the plaintiff need only allege sufficient facts to support a plausible inference of a causal link between the adverse action and the plaintiff's prior protected activity." *Barbour v. Garland*, 105 F.4th 579, 599 (4th Cir. 2024).

Defendant argues that Ms. Simms has failed to allege materially adverse retaliatory actions or an adequate causal connection between her protected activities

and the alleged adverse actions. Mot. at 26. Defendant is correct that to succeed on a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Laurent-Workman v. Wormuth*, 54 F.4th 201, 213 (4th Cir. 2022) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). But here, Plaintiff's allegations, accepted as true (along with all reasonable inferences therefrom), satisfy that standard. In the context of a motion to dismiss, "a plaintiff may demonstrate causation by temporal proximity, or by 'the existence of facts that suggest that the adverse action occurred because of the protected activity,' or by a combination of the two." *Barbour*, 105 F.4th at 593 (quoting *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021)). "Moreover, 'intervening events can bridge what would otherwise be a prohibitively long temporal gap.'" *Id.* (quoting *Holloway*, 32 F.4th at 300).

First, Ms. Simms has alleged that she was subjected to multiple adverse actions, including that in retaliation for her complaints her employer wrongfully suspended her without pay, changed her duties without explanation, denied her a rotating schedule that forced her "to work 2 months straight," and denied her previously approved leave and overtime opportunities—actions that she contends might well have dissuaded a reasonable worker from lodging complaints. *See* Am. Compl. ¶¶ 8-10, 16-17, 19, 70.

Second, Ms. Simms has adequately pled causation based on temporal proximity. Based on the timeline alleged by Ms. Simms, her employer took adverse actions soon after becoming aware of her complaints. For example, Ms. Simms has alleged that the same month she filed an internal complaint in May 2020, she was denied overtime opportunities, which were again denied in June. *Id.* ¶¶ 10, 12. Also in June 2020, Ms.

Simms alleges that she was denied the ability to perform certain tasks. *Id*. ¶ 15. Then, in the same month the EEOC sent Defendant the notice of Ms. Simms's EEOC charge in September 2020, as well as in October and November, Ms. Simms alleges that she was denied a rotating schedule. *Id*. ¶ 16; ECF Nos. 22-1 ¶ 6, 22-2. And in January 2021, she alleges that certain of her duties were removed and changed. Am. Compl. ¶ 19. Such a short period between protected activities and allegedly adverse actions is within the acceptable timeframe that can create an inference of causation, at least at the pleadings stage. *See, e.g.*, *Laurent-Workman*, 54 F.4th at 219 (acknowledging that a two-month gap was "sufficiently long so as to weaken significantly the inference of causation between the two events") (quoting *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003); *Holloway*, 32 F.4th at 300 (concluding that "'a three-month period between the protected activity and the adverse action,' without more, 'does not support a finding that there is a causal link.'") (quoting *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021)). It may well turn out in discovery that the evidence will reflect that these allegedly adverse actions were taken, if at all, for non-discriminatory reasons. But given the alleged timing of the protected acts and alleged acts of retaliation, the amended complaint states a claim for retaliation, and the Court will deny the motion to dismiss count VII.

### D.    Hostile Work Environment (counts V & VI)

Ms. Simms alleges that she was subjected to a sexually harassing hostile work environment and a discriminatory and retaliatory hostile work environment. All these claims are analyzed under the same standards and the Court will discuss them together. To plausibly plead a hostile work environment under Title VII and the ADEA, a plaintiff must allege that "(1) [s]he 'experienced unwelcome harassment'; (2) the harassment was

based on [her protected class] or protected activity; (3) 'the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere'; and (4) 'there is some basis for imposing liability on the employer.'" *Holloway*, 32 F.4th at 300 (quoting *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)); *see also Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (providing that "Title VII prohibits . . . sexual harassment that creates a hostile work environment" and applying the same factors listed above).[4] "Whether the environment is objectively hostile or abusive is judged from the perspective of a reasonable person in the plaintiff's position." *Holloway*, 32 F.4th at 300 (quoting *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015)). "That determination is made by looking at all the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 300-01 (quoting *Boyer-Liberto*, 786 F.3d at 277).

### 1.    Sexual Harassment (count V)

In count V, Plaintiff alleges that beginning September 26, 2022, she was subjected to sexual harassment as well as "adverse employment actions of a sexual nature," including the Assistant Chief Deputy Clerk allegedly "staring at Plaintiff in a sexual manner, stalking her, and intentionally invading and crowding her personal

---

[4] In response to the motion to dismiss, Ms. Simms only seems to argue that there was a discriminatory hostile work environment. *See* Opp. at 14-17. The amended complaint, however, appears to allege both a discriminatory and retaliatory hostile work environment. Am. Compl. ¶ 61. The Court will consider both claims.

space." Am. Compl. ¶¶ 51-52. She alleges she "filed a complaint for sexual harassment with the State Court Administrator," *id.* ¶ 53, but that Defendant "failed to take any appropriate action to redress the sexual harassment and hostile work environment conditions." *Id.* ¶ 55. She contends these actions "deprived Plaintiff [of] the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship." *Id.* ¶ 56. Although she does not cite a statute in her complaint or her opposition to the motion to dismiss, or point to any of the caselaw relating to sexual harassment claims, the Court presumes she has brought count V pursuant to Title VII.

Defendant does not dispute that Plaintiff's allegations, if accepted as true, constitute allegations that she was subjected to "unwelcome conduct" that was "based on her . . . sex." *See Bazemore*, 957 F.3d at 200; Mot. at 27-30. Instead, Defendant argues count V should be dismissed for two reasons: that the alleged actions were not sufficiently severe or pervasive, and that they were not imputable to Ms. Simms's employer.

The Court need not decide whether Plaintiff has adequately alleged facts sufficient to "impos[e] liability on the employer" for the Assistant Chief Deputy Clerk's alleged conduct. *See Holloway*, 32 F.4th at 300; *Bazemore*, 957 F.3d at 200. That is because count V separately fails because it does not adequately allege facts sufficient to state a claim of "harassment . . . sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." *Holloway*, 32 F.4th at 300. The details of the alleged sexual harassment are sparse, and the only specific allegations are that the Assistant Chief Deputy Clerk harassed Ms. Simms by "constantly staring at [her] in a sexual manner, stalking her, and intentionally invading and crowding her personal space." Am. Compl. ¶ 52. As stated above, courts determine whether a plaintiff has

adequately pled severe or pervasive harassment "by looking at all the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Holloway*, 32 F.4th at 300 (quoting *Boyer-Liberto*, 786 F.3d at 277). Ms. Simms may subjectively believe that staring at her and crowding her was actionable conduct. But the case law expressly requires that, to be actionable under Title VII, a claim of hostile work environment based on sexual harassment must allege conduct that is not only harassing but is so "extreme" such as "to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Ms. Simms' sexual harassment-based hostile work environment claim does not satisfy that standard. Thus, the Court will dismiss count V without prejudice.

## 2.    Discriminatory and Retaliatory Harassment (count VI)

Defendant argues that Ms. Simms has failed to adequately allege that the alleged harassment was based on her protected statuses or that it was sufficiently severe or pervasive to create a hostile work environment. The Court has previously determined that Ms. Simms adequately pled causation in connection with her discrimination and retaliation claims. But Ms. Simms's allegations do not objectively allege conduct that, even accepted as true, is sufficiently severe or pervasive to state a hostile work environment claim.

As explained above, Ms. Simms contends she was subject to a hostile work environment when her employer allegedly "forced her to continue to be subjected to the [sexual] harassment" after she reported the conduct, did not allow her to sign her performance evaluations, gave her incorrect information, denied her access to her

timecard, disturbed her during breaks, ignored her requests, verbally attacked her at meetings, and yelled at her. *See* Am. Compl. ¶¶ 61-62. The Court has discussed the allegations of sexual harassment above. From an objective standpoint, the remaining allegations, even if true, do not establish working conditions that are so "'permeated with discriminatory intimidation, ridicule, and insult' that [they] 'alter the conditions of the victim's employment and create an abusive working environment.'" *Laurent-Workman*, 54 F.4th at 210 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)).

Ms. Simms's claim of hostile work environment comprises allegations similar to those the Fourth Circuit has previously rejected at the motion to dismiss stage. In *Holloway*, for example, the Fourth Circuit rejected as inadequately pled a hostile work environment claim based on plaintiff's allegations that

> over the course of several months, Pindale [the director of human resources] required him to communicate with Washington [the deputy director] instead of Pindale directly; employees were surveyed about Holloway's leadership and his whereabouts during the workday; [chief of staff] Teller criticized Holloway's leadership and budget management in meetings; Teller scheduled a meeting an hour and a half before Holloway's usual start time and, during the meeting, yelled at Holloway, slammed documents onto a table, and required Holloway to address him as "sir"; Teller required Holloway to sign a disciplinary evaluation or else be considered insubordinate; and Teller did not honor Holloway in an employee-recognition program.

*Holloway*, 32 F.4th at 301. Similarly, in *Decoster v. Becerra*, the Fourth Circuit rejected as inadequate the plaintiff's allegations of a hostile work environment based on her supervisor "frequently singling her out in front of her colleagues and peers and accusing her of failing in her position, speaking to her with contempt, frequently treating her with disdain, blaming her for issues within the work organization that were out of her

15

control, threatening to fire her once, providing her with a [letter of expectation], and placing her on [a performance plan]." 119 F.4th 332, 338 (4th Cir. 2024) (original alterations omitted).

Ms. Simms's allegations do not specifically target her protected statuses or activities. *Compare Laurent-Workman*, 54 F.4th at 211 (reversing dismissal of a hostile work environment claim because the "allegations demonstrate[d] a series of hateful workplace encounters that consistently targeted [plaintiff's] racial identity"). Nor do they entail pervasive conduct like a rumor that "preoccup[ied] not only [the plaintiff], but also management and the employees at the Sterling facility for the entire time of [the plaintiff's] employment after her final promotion," and which attacked the plaintiff's "merit as a human being," led to harassment that "had a physically threatening aspects," or undermined her authority as a supervisor. *See Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 304-05 (4th Cir. 2019). Instead, Ms. Simms's allegations amount to insufficient claims of "'[r]ude treatment,' 'callous behavior,' or 'routine difference of opinion and personality conflict.'" *Holloway*, 32 F.4th at 301 (quoting *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315-316 (4th Cir. 2008)). Thus, the Court will dismiss count VI without prejudice as well.

### III.    CONCLUSION and ORDER

Many of the allegations in the amended complaint border on conclusory, and are only thinly supported by concrete factual allegations. Plaintiff may not ultimately be able to prove up these claims. But at this stage her factual allegations must be accepted as true, and for the reasons stated above, her discrimination and retaliation claims (counts I, II, III, IV, and VII) state claims on which relief can be granted. Her hostile work environment claims (counts V and VI) do not.

Accordingly, it is hereby ORDERED that, upon consideration of Defendant's motion to dismiss (ECF No. 9) and the response and reply thereto (ECF Nos. 22 & 23), and for the reasons discussed above, the motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

1.      the motion is GRANTED in that counts V and VI of the amended complaint for hostile work environment based on sexual harassment, discrimination and retaliation are DISMISSED (without prejudice);

2       the motion is DENIED as to the remaining claims, counts I-IV and VII, for race, color, sex, and age discrimination and retaliation; and

3.      Defendant shall file an answer to the amended complaint **by February 6, 2025.**

Date: January 15, 2025                              _____/s/_____
                                                    Adam B. Abelson
                                                    United States District Judge

17