**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TERESA SIMMS,
*Plaintiff*,

v.

THE STATE OF MARYLAND,
*Defendant*

Case No. 23-cv-2707-ABA

**MEMORANDUM OPINION**

Plaintiff Teresa Simms alleges she has been subjected to discrimination based on her race, color, sex and age and in retaliation for engaging in protected activities during her employment with the Circuit Court of Baltimore City as a judiciary clerk. Defendant, the State of Maryland, has moved for summary judgment. For the reasons that follow, the Court will grant the motion and enter summary judgment in favor of Defendant.

## I. FACTUAL AND PROCEDURAL HISTORY

Ms. Simms is an African American woman who was 56 years old when the events alleged in the amended complaint began. Ms. Simms began working for the Circuit Court of Baltimore City as a judiciary clerk in 2007. She contends that Defendant, through Plaintiff's supervisors (including Michelle Morral, Valerie Megginson, Vonetta Thomas, Obiorah Dallah, and Derrick Gillis), discriminated against her on the basis of her race, color, sex, and age by taking the following alleged adverse employment actions. She likewise alleges that these acts (or at least the ones allegedly committed after the alleged protected activities) were done in retaliation for (a) filing an internal sex and age

discrimination complaint in May 2020, and (b) filing an initial complaint with the EEOC in September 2020:[1]

(1) On March 27, 2020, the Clerk's office allegedly denied her pre-approved leave for a medical appointment.

(2) On May 1, 2020, the Clerk's office notified her of a two-day leave forfeiture for failing to secure a cashier bag overnight.

(3) On May 13, 2020, the Clerk's office submitted her performance evaluation without her signature.

(4) On May 15, 2020, she was allegedly denied a meeting with her supervisors.

(5) On June 22, 2020, she was allegedly not allowed to complete her work in the office.

(6) In April, May, and June 2020, she was allegedly denied opportunities to work overtime, and in September, October, and November 2020 she was allegedly denied a rotating schedule and was required to work two months straight.

(7) On October 28, 2020, she was allegedly denied attendance at an all-staff meeting.

(8) In January 2021 her duties were allegedly changed without explanation.

In relation to number two, the evidence in the record shows that Ms. Simms was disciplined twice for mishandling her cashiering duties. On January 14, 2020, she received a verbal warning for failing to observe established cash register protocols—specifically for failing to timely process incoming payments. ECF No. 65-3 at 7, Caldwell Decl.; ECF No. 65-2, Simms Dep. at 50:11-54:19, 209:6–11. That warning made clear

[1] Ms. Simms alleges additional protected activities, but they post-date the alleged adverse actions described below, and, therefore, are not relevant to the claims in this case. She also alludes to other allegedly temporally relevant protected activities in her brief, ECF No. 68 at 32, but provides no evidence of them.

that Ms. Simms's "failure to comply may result in further disciplinary action following the progressive discipline policy." ECF No. 65-3 at 7, Caldwell Decl. Then in May 2020, Ms. Simms received the two-day leave forfeiture for leaving her cashier bag containing the outstanding deposits from that day unsecured in a desk overnight. ECF No. 65-2, Simms Dep. at 209:12-17; ECF No. 65-3 at 11, Caldwell Decl.

Ms. Simms filed this case in October 2023. In January 2025, the court granted in part and denied in part Defendant's motion to dismiss. ECF No. 27. Ms. Simms's remaining claims are for race discrimination (count I), color discrimination (count II), age discrimination (count III), sex discrimination (count IV), and retaliation (count VII). After the discovery period, during which very little discovery was taken, Defendant filed its motion for summary judgment. ECF No. 65. Ms. Simms responded, and Defendant replied. ECF Nos. 68 & 77.[2]

## II. STANDARD

Under Federal Rule of Civil Procedure 56, a party may move for summary judgment on a "claim or defense—or the part of [any] claim or defense"—by showing that "there is no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence "might affect the outcome of the suit," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[C]ourts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Sedar v. Reston Town Ctr. Prop.,*

---

[2] At the time that her response brief was filed, Ms. Simms had counsel. She is now proceeding *pro se*.

*LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (quoting *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If a moving party carries this burden, then the Court will award summary judgment unless the non-moving party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence in support of the [opposing party's] position," however, is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

Title VII of the Civil Rights Act of 1964 ("Title VII") makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination in Employment Act of 1967 ("ADEA") makes it "unlawful for an employer . . . to . . . discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Regarding retaliation, Title VII makes it unlawful "for an employer to discriminate against any of his [or her] employees . . . because he [or she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). Likewise, the ADEA makes it "unlawful for an employer to discriminate against any of his [or her] employees . . . because such individual . . . has opposed any practice made unlawful by this section." 29 U.S.C. § 623(d). Ms. Simms alleges the same events for all her discrimination and retaliation

claims, so the Court will consider them together. For both Title VII and ADEA discrimination and retaliation claims, when plaintiffs rely on circumstantial evidence, they generally proceed under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as Plaintiff does here.

Under this framework, a plaintiff must first make out a *prima face* case of discrimination. For a Title VII or ADEA discrimination claim, a plaintiff must prove "that (1) she is a member of a protected class; (2) her employer took an adverse action against her; (3) she had been fulfilling her employer's legitimate expectations at the time of the adverse action; and (4) the adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Wannamaker-Amos v. Purem Novi, Inc.*, 126 F.4th 244, 255 (4th Cir. 2025) (quoting *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 649-650 (4th Cir. 2021)); *Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004) (applying the *McDonnell Douglas* framework to an ADEA claim). For retaliation claims under either statute, a plaintiff must prove that (1) she engaged in a protected activity, (2) there was a materially adverse employment action, and (3) there was a causal link between the two events. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015).

Once a plaintiff makes a *prima facie* showing, the burden of production shifts to the defendant to offer evidence of a legitimate, non-discriminatory/non-retaliatory reason for the relevant employment decisions. *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 852 (4th Cir. 2001). A legitimate reason is not necessarily a wise reason, but rather any reason that does not discriminate. *See DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) ("[I]t is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's

termination.”) (quoting *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410 (7th Cir. 1997)).

If the defendant offers such a reason, the burden then shifts back to the plaintiff to show the defendant’s proffered reason is mere pretext for discrimination or retaliation. *Sears Roebuck*, 243 F.3d at 852. For a Title VII discrimination claim, a plaintiff can establish pretext by “showing that the employer’s proffered explanation is unworthy of credence,” *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 646 (4th Cir. 2002) (quoting *Texas Dep’t of Cmty. Affs. v. Burdine*, 450 U.S. 248, 256 (1981)), and that, ultimately, discrimination “was a motivating factor” in the adverse employment action, 42 U.S.C. § 2000e-2(m). But, to demonstrate pretext in a Title VII or ADEA retaliation claim or an age discrimination claim under the ADEA, the plaintiff must go beyond that standard and demonstrate that the plaintiff’s protected activity or age was a “but-for” cause of the adverse employment action. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (“Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m).”); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (“To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the ‘but-for’ cause of the employer’s adverse decision.”).

### A. Discrimination

As part of her *prima facie* case, Ms. Simms must prove that adverse employment actions occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Wannamaker-Amos*, 126 F.4th at 255. One way (but not the only way) to establish this inference is through evidence that the plaintiff was treated differently

than other similarly situated employees outside her protected classes. Ms. Simms relies on such comparator evidence to build her *prima face* case.[3] To establish causation using comparator evidence, a plaintiff generally "must produce evidence that the plaintiff and comparator 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019) (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)).

Ms. Simms first alleges that she was treated differently than Chad Dockins, a male cashier who is younger than she is and whom she describes as having a darker complexion. She alleges that Mr. Dockins also misplaced a cashier bag but was disciplined less harshly because Ms. Simms "was issued a 2-day unpaid suspension for leaving the cashier bag in her desk, whereas Mr. Dockins lost [his] cashier bag and was only issued a written warning." ECF No. 6, ¶ 8. Ms. Simms has offered no evidence regarding the circumstances of Mr. Dockins losing his bag or of the discipline he received other than her own testimony regarding her conversations with Mr. Dockins, which constitute inadmissible hearsay. ECF No. 65-2, Simms Dep. at 198:2–201:2, 212:19–213:12.

As stated above, the evidence shows that when Ms. Simms was disciplined for failing to secure her cashier bag, that was the second time she was disciplined for mishandling her cashiering duties. Ms. Simms was the only judiciary clerk to leave her

3 Ms. Simms argues that she has established a reasonable inference of discrimination based on "the totality of the circumstances," ECF No. 68 at 17, but her only actual evidence of discrimination is based on comparators.

cashier bag unattended overnight in 2020 or 2021, and the only judiciary clerk to have violated cashier procedures twice. ECF No. 65-5, Gillis Decl. ¶¶ 51-52. Ms. Simms has failed to establish that Mr. Dockins, who was allegedly disciplined only once, is an adequate comparator to support her discrimination claims, especially given the evidence that her additional infraction resulted in progressive discipline. As a result, Ms. Simms has not shown that Mr. Dockins was comparable to her in a number of ways, including disciplinary history. In other words, the evidence regarding Mr. Dockins does not show that she was disciplined more harshly than he was because of her gender, age, or skin color.

Ms. Simms also names as a comparator Linda Cox, but does not provide any information regarding this individual. ECF No. 68 at 12 & 16.[4] Ms. Cox is allegedly also a cashier who, according to Ms. Simms, was allowed overtime opportunities that Ms. Simms was not given. ECF No. 65-2, Simms Dep. at 66:4–68:16. But Ms. Simms provides no details regarding Ms. Cox or her situation that would make it possible to determine whether she is an appropriate comparator.

While the burden of establishing a *prima facie* case is not onerous, Ms. Simms has failed to provide any evidence that the alleged adverse actions raise a reasonable inference of unlawful discrimination. Her discrimination claims fail.[5]

---

[4] Ms. Simms cites alleged exhibits regarding Ms. Cox, but no exhibits are attached to her response.

[5] Ms. Simms has also not established that the legitimate business reasons for Defendant's actions described above are pretextual. But given her failure to establish a *prima facie* case, the Court need not delve into that aspect of the *McDonnell Douglas* analysis.

### B. Retaliation

As stated, Ms. Simms alleges that she took two relevant protected activities, the first in May 2020, when she filed an internal sex and age discrimination complaint, and the second in September 2020, when she filed her initial complaint with the EEOC. As part of her burden of proof for her Title VII and ADEA retaliation claims, Ms. Simms must prove that her protected activities were a but-for cause of the adverse employment actions. *Nassar*, 570 U.S. at 360; *Gross*, 557 U.S. at 176. Part of that analysis requires her to show that the supervisors responsible for the alleged retaliation knew of her protected activities. *Roberts v. Glen Indus. Grp., Inc.*, 998 F.3d 111, 124 (4th Cir. 2021) ("To establish a causal relationship between the protected activity and the [adverse action], a plaintiff must show that the decisionmaker was aware of the protected activity at the time the alleged retaliation occurred.").

During her deposition, Ms. Simms admitted that she does not know whether any of the allegedly responsible management officials (*i.e.*, Mr. Dallah, Mr. Gillis, Ms. Morral, or Ms. Megginson) were aware of her alleged protected activity. ECF No. 65-2, Simms Dep. at 102:6–104:17, 277:19–280:15. When asked at deposition whether management was aware of her prior complaints, she responded that, "I believe [Mr. Dallah] was aware" and "I'm not sure that he's aware of it." *Id.* at 278:10–17. She testified, "I think [Ms. Megginson] knew," and "I was assuming that she knew." *Id.* at 191:5–7. She stated that "I don't know for sure" if Mr. Gillis knew. *Id.* at 280:8. And when asked if she had any specific knowledge of whether Ms. Morral knew of her complaints, she responded, "I don't know." *Id.* at 104:10. Ms. Simms acknowledged that she has no documents or direct knowledge to support her assumptions. *Id.* at 104:11–17,

278:12–14, 279:6–10. Other than these assumptions, Ms. Simms has not provided any evidence that the decision makers at issue knew of her two relevant complaints.

Because she has no evidence that the alleged decision-makers had knowledge of any prior protected activity at the time the alleged retaliation occurred, Ms. Simms has not established a *prima facie* case for retaliation. Ms. Simms alleges in her brief that evidence of knowledge by these supervisors exists, ECF No. 68 at 19–20, but does not provide any of that evidence. The evidence before the Court is insufficient to show that the alleged decision makers had knowledge of Ms. Simms's internal complaint or initial EEOC complaint.[6]

In the end, Ms. Simms's claims are based merely on her own speculation. And her own testimony refutes much of that speculation. For example, regarding the two-day leave forfeiture she received in May 2020, Ms. Simms denied during her deposition that the discipline was motivated by discrimination or retaliation, answering "No" or "I don't know" when asked whether the forfeiture was based on her various protected characteristics or activities. ECF No. 65-2, Simms Dep. at 58:3-59:2. Similarly, regarding her allegation that she was denied medical leave on March 27, 2020, Ms. Simms testified that she did not know whether the decision was based on a protected characteristic or activity. *Id.* at 62:13-63:12. Likewise, when asked whether the alleged denial of overtime was due to her race, she answered "No" and "I don't know." *Id.* at

[6] As with her discrimination claims, Ms. Simms has likewise failed to provide evidence that Defendant's reasons for the various allegedly adverse actions were not legitimate and were instead pretextual. But a full analysis of that finding is not necessary given the failure to make out a *prima facie* case.

70:16–22.[7] The Court has viewed the evidence in the light most favorable to Ms. Simms, but she did not attach to her summary judgment response any evidence that would allow for an alternative interpretation.

## IV. CONCLUSION

Due to the lack of evidence, Ms. Simms's claims rely on her own speculation, which is insufficient to meet her burden of proof. Thus, she has not raised any genuine disputes of material facts regarding her *prima facie* claims of discrimination or retaliation, or rebutted Defendant's proffered reasons for the actions taken. As a result, the Court will grant the motion for summary judgment.

A separate order will issue.

Date: September 14, 2026

/s/
Adam B. Abelson
United States District Judge

[7] After Defendant filed its motion for summary judgment, Ms. Simms sent an errata sheet for her deposition to Defendant in which she attempts to change many of her answers from "yes" to "no" (or vice versa) to support her claims, asserting that her original answers were "imprecise due to anxiety, stress, and fogginess." ECF No. 77-1. Ms. Simms did not append this sheet to her summary judgment response brief, although she refers to it, ECF No. 68 at 6, but Defendant attached it as part of its reply. The errata sheet is too little, too late, and the Court will not rely on it. *See Johnson v. Robinette*, 105 F.4th 99, 109 (4th Cir. 2024) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact. A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.") (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984)).